UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SHARON PRYOR,

    Plaintiff,

vs.                                                    Case Number:

BLUESTEM BRANDS, INC., d/b/a FINGERHUT,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant Bluestem Brands, Inc. ("Bluestem"), by and through the undersigned counsel and pursuant to 28 U.S.C. §§ 1441, 1446, 1331, and 1367, gives notice that this cause is removed from the Circuit Court for the Fourth Judicial Circuit, in and for Duval County, Florida, to the United States District Court for the Middle District of Florida, Jacksonville Division. Grounds for removal exist because: 1) Plaintiff's claim under the Telephone Consumer Protection Act raises a federal question, and 2) the Court should exercise supplemental jurisdiction over Plaintiff's related state law claim.

### BACKGROUND

1. This is a civil action within the meaning of the Acts of Congress relating to the removal of causes. Plaintiff commenced this action against Bluestem in the Circuit Court for the Fourth Judicial Circuit, in and for Duval County, Florida, Circuit Civil Division, Case No. 16-2014-CA-7756, on November 5, 2014.

2. Bluestem was served with a Summons, Complaint, and several discovery requests on November 19, 2014. A true and correct copy of the documents served on Defendant is attached to this Notice of Removal as **Composite Exhibit A**.

1

3. No further proceedings have occurred in the Circuit Court action.

## A FEDERAL QUESTION EXISTS

4. Plaintiff's Complaint asserts that Bluestem made telephone calls to Plaintiff in an attempt to collect a debt. Plaintiff alleges these calls violated a federal statute, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii). Plaintiff alleges that Bluestem used an "autodialer" to communicate with Plaintiff to collect a debt in violation of the TCPA.

5. Although a claim under the TCPA may be brought in a state court, the Federal Courts have concurrent jurisdiction to hear these claims. *See Mims v. Arrow Fin. Services, LLC*, 132 S. Ct. 740, 745 (2012).

6. Accordingly, "[b]ecause federal law creates the right of action and provides the rules of decision" for Plaintiff's TCPA claim, this claim presents a federal question under 28 U.S.C. § 1331. *Id.* at 748.

7. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction of civil actions which present a federal question. Thus, this Court should exercise jurisdiction regarding the TCPA claim.

## THE COURT MAY EXERCISE SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIM

8. In addition to a claim under the TCPA, Plaintiff asserts a claim under the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.72. Plaintiff alleges that in attempting to collect a debt, Bluestem made harassing phone calls and communicated with Plaintiff after she was represented by counsel.

9. Under 28 U.S.C. § 1367(a), this Court may exercise jurisdiction over state law claims which stem from the same case or controversy as the claim over which the Court has original jurisdiction.

10. The FCCPA claim stems from same case or controversy as the TCPA claim. Both claims arise from the alleged debt collection practices undertaken by Bluestem, specifically telephone calls made to Plaintiff in an attempt to collect funds owed to Bluestem.

11. Because this Court has federal question jurisdiction over the Plaintiff's TCPA claim, it should exercise jurisdiction over the closely related FCCPA claim. *See Speidel v. Am. Honda Fin. Corp.*, 2014 WL 820703, *1-*3 (M.D. Fla. 2014) (holding that removal of plaintiff's TCPA claim and related FCCPA claim to federal court was proper when "all [claims] derive from the alleged debt collection practices of the defendant").

**THE OTHER PREREQUISISITES FOR REMOVAL HAVE BEEN SATISFIED**

12. The Notice of Removal is filed within thirty days after service of the Summons, Complaint and Jury Demand upon Defendant Bluestem and is therefore timely filed pursuant to 28 U.S.C. § 1446(b). A copy of this Notice of Removal is being served on counsel for Plaintiff and filed with the Circuit Court.

13. Defendant has sought no similar relief.

14. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

15. If any question arises as to the propriety of the removal of this action, Bluestem requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

**WHEREFORE,** Defendant Bluestem Brands hereby removes this case to the United States District Court for the Middle District of Florida, Jacksonville Division.

Dated:   December 9, 2014                    /s/ Peter B. King
                                             Peter B. King (FBN: 0057800)
                                             pking@wiandlaw.com
                                             Callan L. Albritton (FBN: 105688)
                                             calbritton@wiandlaw.com
                                             WIAND GUERRA KING P.L.
                                             5505 W. Gray Street
                                             Tampa, FL 33609
                                             Phone: (813) 347-5100
                                             Fax: (813) 347-5198
                                             *Attorneys for Defendant Bluestem Brands, Inc.*
                                             *d/b/a Fingerhut*

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and by E-mail and U.S. Mail to:

Max Story
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL  32250
max@storylawgroup.com
*Attorney for Plaintiff*

                                             /s/ Peter B. King
                                             Peter B. King (FBN: 0057800)