IN THE CIRCUIT COURT FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.: 16-2014-CA-007756
DIVISION: CV-G

SHARON PRYOR,

    Plaintiff,

vs.

BLUESTEM BRANDS, INC., d/b/a FINGERHUT,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. COMES NOW, Plaintiff, SHARON PRYOR, by and through undersigned counsel, files this Complaint against the Defendant, BLUESTEM BRANDS, INC., d/b/a FINGERHUT and alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA"). Plaintiff alleges that Defendant unlawfully called Plaintiff's cellular telephone in an attempt to collect an alleged debt from Plaintiff in direct contravention of the aforesaid statutes. Consequently, Plaintiff seeks injunctive relief as well as damages, fees, and costs in accordance with both the FCCPA and the TCPA.

### JURISDICTION

2. This is an action for damages that exceed fifteen thousand dollars ($15,000.00), exclusive of attorney's fees and costs.

3. Jurisdiction and venue for purposes of this action are proper pursuant to Fla. Stat. §559.77.

1

4.  At all material times herein, Defendant's conduct complained of occurred in Duval County, Florida.

5.  At all material times herein, the Defendant engaged in its usual and customary business within Florida and Duval County, Florida.

6.  This action arises out of repeated violations of the Florida Consumer Collection Practices Act ("FCCPA"), Section 559.55 et seq. of the Florida Statutes, by the Defendant and its agents in their illegal efforts to collect a consumer debt from the Plaintiff.

## PARTIES

7.  Plaintiff is a natural person who resides in Duval County, Florida and is a "consumer" as that term is defined by Florida Statute Section 559.55(8).

8.  Defendant is a Delaware business entity with an address of 6509 Flying Cloud Drive, Eden Prarie, MN 53344 and is a "creditor" as that term is defined by Section 559.55(5).

## FCC RULINGS AND OTHER LEGAL DECISIONS IMPACTING CLAIMS BROUGHT UNDER THE TELEPHONE CONSUMER PROTECTION ACT

9.  According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls as those alleged herein are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are

used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

10. Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute. FCC Declaratory Ruling, 23 F.C.C.R. at 565 (¶ 10).

11. The FCC has opined that the ability to dial numbers without any human intervention in the calling process is the hallmark of an automatic telephone dialing system (i.e., auto-dialer). *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 2008*, CG Docket No. 02-278, FCC 07-232 (1/4/08) ¶¶ 11-13; *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2003 WL 21517583, 18 F. C.C.R. 14014, ¶ 132 (Fed. Commc'n Cmm'n July 3, 2003).

12. With respect to whether a device is considered an "automatic telephone dialing system" for purposes of the TCPA, at least one Federal Court has specifically noted that "a system need not actually store, produce, or call randomly or sequentially generated numbers; it need only have the capacity to do it." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009) (emphasis added).

13. Furthermore, the FCC has specifically ruled that a predictive dialer falls within the meaning and statutory definition of "automatic telephone dialing equipment" within the TCPA. *2003 TCPA Order*, 18 FCC Rcd 14092-3 at ¶ 133.

14. Both the FCC and federal courts have held that as a matter of law a predictive dialer is a type of automatic telephone dialing system. See generally, *Griffith v. Consumer Portfolio Serv., Inc.*, No. 10-c-2697 (N.D. Il. Aug. 16, 2011).

15. The Hobbs Act does not vest federal district courts with subject matter jurisdiction to disregard FCC rulings. *Leckler v. Cashcall, Inc.*, 2008 U.S. Dist. LEXIS 97439, *7-8 (N.D. Cal. 2008).

16. The TCPA has a four-year statute of limitations pursuant to 28 U.S.C. § 1658. *Stern v. Bluestone*, 2008 N.Y. App. Div. LEXIS (N.Y. App. Div. 1st Dep't., 2008).

17. Verbal instructions to cease collection calls apply to the TCPA and thus effectively revoke any prior consent the caller may have had. *See Osorio v. State Farm Bank, FSB*, No. 13-10951 (11th Cir. Mar. 28, 2014).

## FACTUAL ALLEGATIONS

18. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by and Section 559.55(6), Fla. Stat., account # 6369-9210-0218-0023.

19. On April 28, 2014, the Plaintiff retained the undersigned attorney in reference to the debt with the Defendant.

20. Since April 28, 2014, the Defendant has been continuously telephoning the Plaintiff on her cellular phone to collect the debt.

21. Plaintiff is informed and believes, and thereupon alleges, that the calls placed to Plaintiff's cellular telephone which were made with an automatic telephone dialing system,

4

as evidenced by the message advising her to hold for a representative, and the characteristic period of hold music or "dead air" that Plaintiff experienced prior to the calling party coming onto the line.

22. The Plaintiff has repeatedly explained that she is represented by counsel and has instructed the Defendant to contact her attorney and provided his name and telephone number. Despite being on notice of being represented by an attorney, the Defendant has persisted communicating directly with the Plaintiff.

23. Despite being on notice that the Plaintiff was represented by counsel and it's permission to contact her had been revoked, Defendant, or another party acting on its behalf, placed a call and left a message using an automatic telephone dialing system or an artificial or pre-recorded voice on Plaintiff's cellular telephone.

24. Plaintiff is informed and believes, and thereupon alleges, that Defendant relies heavily on the use of automatic telephone dialing systems for contacting customers in connection with loss mitigation and collection efforts.

## COUNT I

## VIOLATIONS OF THE FLORIDA CONSUMER COLLLECTION PRACTICES ACT

25. Plaintiff incorporates Paragraphs 7 through 24.

26. By stating the Defendant refused to stop telephoning Ms. Pryor after being told she was represented by counsel and insisting on a "case number", the Defendant is, was subject to, and has violated provisions of Fla. Stat. §559.72:

    a) ""..., or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family." Fla. Stat. §559.72(7)."

    b) "Communicating with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain such attorney's name and address." Fla. Stat. §559.72(18)"

27. Pursuant to Florida law, Plaintiff may obtain declaration that Defendant's practices are in violation of the FCCPA, including but not limited to Fla.Stat. §§ 559.72(18).

28. The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

29. Plaintiff seeks a permanent injunction prohibiting Defendant and any other party from calling Plaintiff regarding the alleged debt.

30. Plaintiff is also entitled to recover statutory damages and/or actual damages pursuant to the FCCPA.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages, both statutory and actual;

    b. Declaring that Defendant's practices are in violation of the FCCPA;

    c. Permanently enjoining Defendant and any other parties from calling Plaintiff regarding the alleged debt;

    d. Attorney's fees, litigation expenses and costs of suit; and

e. Such other or further relief as the Court deems proper.

## COUNT II

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

31. Plaintiff incorporates Paragraphs 7 through 24.

32. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, using any automatic telephone dialing system or an artificial or prerecorded voice, and not legally permitted under any provision of the aforementioned statute.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Statutory damages for each violation of the TCPA;

b. Statutory damages for each knowing or willful violation of the TCPA;

c. A permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone by use of an automatic telephone dialing system;

d. Attorney's fees, litigation expenses and costs of the instant suit; and

e. Such other or further relief as the Court deems proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

**MAX HUNTER STORY, P.A.**

_____
Max Story, Esquire
Florida Bar No. 0527238
328 2ND Avenue North
Jacksonville Beach, Florida  32250
Telephone: (904) 372-4109
Fax: (904) 758-5333
max@storylawgroup.com
Attorney for Plaintiff